## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES OF AMERICA     *
    *
v.     *     **CRIMINAL NO.  08-00225 - KD**
    *
BURGESS LEE BURGESS     *

### PLEA AGREEMENT

The defendant, BURGESS LEE BURGESS, represented by his counsel, and the United

States of America have reached a Plea Agreement in this case, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.     The defendant understands his rights as follows:

    1.     To be represented by an attorney;

    2.     To plead not guilty;

    3.     To have a trial by an impartial jury;

    4.     To confront and cross-examine witnesses and to call witnesses and produce

    other evidence in his defense;

    5.     To not be compelled to incriminate himself/herself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.     The defendant waives rights b through e, listed above, and pleads guilty to Count 3

of the Indictment, charging a violation of 18 United States Code, Section 2423(b), Travel to

1

Engage in Illicit Sexual Conduct, and Count 4 of the Indictment, charging a violation of 18

United States Code, Section 2423(e), Conspiracy to Travel to Engage in Illicit Sexual Conduct.

      3.     The defendant understands that the statements he makes under oath in the plea of

guilty must be completely truthful and that he can be prosecuted for making false statements or

perjury for any false statements he makes intentionally in this plea of guilty.

      4.     The defendant expects the Court to rely upon his statements here and his response to

any questions that he may be asked during the guilty plea hearing.

      5.     The defendant is not under the influence of alcohol, drugs, or narcotics.  He is

certain that he is in full possession of his senses and mentally competent to understand this Plea

Agreement and the guilty plea hearing which will follow.

      6.     The defendant has had the benefit of legal counsel in negotiating this Plea

Agreement.  He has discussed the facts of the case with his attorney, and his attorney has

explained to the defendant the essential legal elements of the criminal charge(s) which has/have

been brought against him.  The defendant's attorney has also explained to the defendant his

understanding of the United States' evidence.

      7.     The defendant understands that the United States has the burden of proving each of

the legal elements of the criminal charge(s) beyond a reasonable doubt.  The defendant and his

counsel have discussed possible defenses to the charge(s).  The defendant believes that his

attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied

with the legal advice of his attorney.

      8.     A separate document, entitled Factual Resume, will be submitted to the Court as

evidence at the guilty plea hearing.  The Factual Resume is incorporated by reference into this

Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct.

9.    This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations apart from those set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court may impose. The defendant avers that he is pleading guilty because he knows that he is guilty.

**PENALTY**

10.    The maximum penalty the Court could impose as to each of Counts 3 and 4 of the Indictment is:

1.    Imprisonment for a period of up to 15 years;

2.    A fine not to exceed $250,000;

3.    A term of supervised release of Life, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

4.    A mandatory special assessment of $100.00; and

5.    Such restitution as may be ordered by the Court.

**SENTENCING**

11.    The Court will impose the sentence in this case. The United States Sentencing Guidelines apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been

3

completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the applicable guideline range is higher than expected, if the Court departs from the applicable advisory guideline range, or if the Court imposes a sentence notwithstanding the Guidelines.

12.   The United States may provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

13.   The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely within the discretion of the Court.

14.   Both the defendant and the United States are free to allocute fully at the time of sentencing.

15.   The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

16.   The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911, *et seq.*, he is a sex

4

offender as that term is defined in the Act.  Defendant further agrees that pursuant to the Act, he

is required to register as a sex offender, and keep that registration current, in each jurisdiction

where defendant resides, is an employee, or is a student.  Defendant further agrees that for initial

registration purposes only, defendant is also required to register in the jurisdiction in which

defendant is convicted, if such jurisdiction is different frim the jurisdiction of residence.

### RESTITUTION

17.    The defendant agrees to pay such restitution as may be ordered by the Court relating

to the count of conviction as well as such counts as the United States intends to dismiss.  The

amount of restitution owed shall be determined by the Court at the time of sentencing.

### UNITED STATES' OBLIGATIONS

18.    The United States will not bring any additional charges against the defendant related

to the facts underlying the Indictment and will move to dismiss any remaining counts of the

Indictment as to the defendant at sentencing.  This agreement is limited to the United States

Attorney's Office for the Southern District of Alabama and does not bind any other federal, state,

or local prosecuting authorities.

### APPLICATION OF U.S.S.G. § 5K1.1 AND/OR FED.R.CRIM.P. 35

19.    The defendant agrees to cooperate with the United States in accordance with the

following terms and conditions:

a.    Defendant shall **fully, completely, and truthfully** respond to all questions put

to him by law enforcement authorities regarding the underlying facts of the

offense(s) with which he is charged, as well as the underlying facts of **any**

criminal offense(s), state or federal, of which he has information or knowledge.

b.    Defendant acknowledges that he understands that he shall provide **truthful and complete** information regarding **any** offense about which he has knowledge or information regardless of whether or not law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement extends to **any and all persons** about whom defendant has such knowledge or information.

c.    Defendant agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. Defendant agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying **completely and truthfully** before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

d.    If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. Defendant agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether or not there has been substantial assistance, and are admissible at sentencing to rebut an

6

assertion by the defendant of bad faith or unconstitutional motive on the part of the United States. It is also the intent of the parties that the results of any polygraph examination are admissible at defendant's sentencing, or in the event that the defendant appears as a witness at any proceeding to testify under oath about ecents related to the subject matter of the polygraph examination.

e.    Defendant agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to his participation in and knowledge of criminal activities whether relating to the charged offense(s) or not. This obligation is a continuing one and includes materials that the defendant may acquire, obtain or have access to after the execution of this agreement.

f.    Defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of her criminal activities or which facilitated any aspect of these illegal activities. Defendant also agrees to identify the assets of any other person which were obtained through or facilitated the defendant's illegal activities or the illegal activities of another.

g.    If Defendant provides **full, complete, truthful and substantial cooperation** to the United States, and if his cooperation results in substantial assistance to the United States in the investigation or prosecution of another person who has committed an offense, a decision specifically reserved by the United States in the exercise of its sole discretion, the United States Attorney's Office for the Southern District of Alabama agrees to move for a downward departure

7

pursuant to U.S.S.G. § 5K1.1 or to file a motion pursuant to Rule 35 of the Fed.R.Crim.P., whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any such departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands and acknowledges that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determined that the defendant has provided substantial assistance. The defendant also understands that should he provide untruthful information to the United States at any time, or should he fail to disclose material facts to the United States at any time, the United States will not make a motion for downward departure. If the defendant's efforts to cooperate with the United States do not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend that the defendant receive a sentence at the low end of the applicable advisory guideline range.

h.    **Defendant acknowledges and fully understands that this plea agreement does not contain a promise by the United States to move for a § 5K1.1 downward departure or to file a Rule 35 motion.**

i.    If the United States moves for a downward departure pursuant to U.S.S.G. § 5K1.1 or files a Rule 35 motion, the United States will recommend to the Court that the Court depart from the low end of the Sentencing Guideline

8

range as determined by the Court. The defendant acknowledges that the United States can only **make a recommendation** for a downward departure to the Court. **The Court has the ultimate authority to determine whether a downward departure should be granted and the amount of any downward departure. The Court also has the ultimate authority to deny a recommendation for a downward departure.**

j.  **The United States makes no representations or promises in this agreement with regard to the exact amount of reduction the United States may recommend to the Court if the United States determines that the defendant has provided substantial assistance.**

k.  The United States and defendant agree that any breach of this cooperation agreement by defendant, including but not limited to, failing to cooperate, intentionally withholding information, giving false information, committing perjury, failing to identify assets obtained by him from his illegal activities or obtained by others associated with him or of which he has knowledge, refusing to take a polygraph examination, failing a polygraph examination, or refusing to testify before the grand jury or at any judicial proceeding, would:

1.  permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters underlying the Indictment; and

2.  permit the United States to instigate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against

defendant of any information provided by defendant during his breached cooperation. Such breach will constitute a waiver of any claim defendant could make under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, or any statute or case law by which defendant seeks to suppress the use of such information or any evidence derived from such information.

l.     Nothing in this agreement shall protect defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should defendant commit any of these offenses during his cooperation. Defendant acknowledges and agrees that the information and documents that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

m.    The United States and defendant agree that defendant will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and defendant agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment which are to be dismissed in accordance with this agreement. Under these circumstances, defendant expressly waives any rights he may have under the statute of limitations and the speedy trial provisions.

**LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE**

20.    The defendant acknowledges that he is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

21.    With the limited exceptions noted below, the defendant also waives his right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. Any sentence so imposed includes any determination or sentence imposed in a supervised release or probation revocation proceeding.

22.    The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

    a.    Any punishment imposed in excess of the statutory maximum;

    b.    Any punishment that constitutes an upward departure from the guideline range; or

    c.    A claim of ineffective assistance of counsel.

23.    In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

## VIOLATION OF AGREEMENT

24.    The defendant understands that if he violates any provision of this agreement, the United States will be free from any obligations imposed by this agreement and will be free to prosecute the defendant on any charges of which it has knowledge.  In such event, the defendant

11

agrees not to assert any objections to prosecution that he might have under the 6th Amendment and/or Speedy Trial Act.

26.    In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

26.    This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

DEBORAH J. RHODES
UNITED STATES ATTORNEY

Date: _Nov. 13, 2008_

SEAN P. COSTELLO
Assistant United States Attorney


I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: _11·13·08_

BURGESS LEE BURGESS
DEFENDANT

12

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this Plea Agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant, and to my knowledge his decision to stipulate to the facts is an informed, intellygent, and voluntary one.

Date: _11. 13. 08_                                   _____
                                                    D. E. BRUTKIEWICZ , JR.
                                                    Attorney for Defendant

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  08-00225 - KD |
| | * | |
| BURGESS LEE BURGESS | * | |

### FACTUAL RESUME

The defendant, **BURGESS LEE BURGESS**, admits the allegations of Counts 3 and 4 of the Indictment.

**BURGESS** understands that in order to prove a violation of Title 18, United States Code, Section 2423(b), as charged in Count 3 of the Indictment, the United States must prove that:

### ELEMENTS OF THE OFFENSE

FIRST:     That the defendant traveled in interstate or foreign commerce;

SECOND:  That the defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a minor.

**BURGESS** understands that in order to prove a violation of Title 18, United States Code, Section 2423(e), as charged in Count 4 of the Indictment, the United States must prove that:

FIRST:     That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

SECOND:  That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

14

THIRD:    That the object of the unlawful plan was to travel in interstate or foreign

commerce with the intent to engage in illicit sexual conduct with a minor, as

charged.

## OFFENSE CONDUCT

Defendant, **BURGESS LEE BURGESS**, admits in open court and under oath that the

following statement is true and correct and constitutes evidence in this case. This statement of

facts is provided solely to assist the Court in determining whether a factual basis exists for

**BURGESS's** plea of guilty.  The statement of facts does not contain each and every fact known

to **BURGESS** and to the United States concerning the defendant's involvement in the charges set

forth in the plea agreement.

From approximately 1999 to 2001, Mitchell Kent Jackson and Burgess Lee Burgess

operated and supplied content for a website entitled "Boyhood Paradise."  The content of the

web site operated by Jackson and Burgess depicted nude male minor children.

In or about April 2000, Jackson, with Burgess and Wayne Nelson Corliss, traveled to

Thailand.  In preparation of their travel to Thailand in 2000, Corliss had been corresponding via

the Internet with a man by the name of John Wrenshall who lived in Thailand.  Wrenshall,

Jackson, Burgess, and Corliss had known each other for many years through "Boy Love and

Chat," an Internet chat room dedicated to men with a sexual interest in minor boys.  In or about

January 2000, Wrenshall invited Jackson, Burgess, and Corliss to visit him in Thailand to engage

in sexual acts with minor Thai boys.  Wrenshall explained that if they each sponsored a boy –

that is, paid Wrenshall money – they each could essentially have unfettered access to the boys

during the visit to Thailand.  Wrenshall quoted a price of $200 for first-time oral sex with boys

15

and $20 thereafter. Wrenshall also quoted a price of $400 to sponsor a boy. Jackson and

Burgess, in the Southern District of Alabama, and Corliss, in New Jersey, had multiple

conversations via the Internet and telephone from late 1999 through the spring of 2000 to plan

the 2000 trip to Thailand. Ultimately, in or about April 2000, Jackson, Burgess, and Corliss

knowingly traveled together from the United States to Thailand. Jackson, Burgess, and Corliss

traveled from the United States to Thailand with the intent to engage in sexual acts with minor

Thai boys to be provided by Wrenshall. Jackson, Burgess, and Corliss sponsored minor Thai

boys. Jackson, Burgess, and Corliss paid Wrenshall money to engage in sexual acts with minor

Thai boys.

     In or about April 2001, Burgess and Corliss knowingly traveled from the United States to

Thailand for a second time to visit Wrenshall. Burgess and Corliss traveled from the United

States to Thailand with the intent to engage in sexual acts with minor Thai boys to be provided

by Wrenshall. While in Thailand in April 2001, Burgess and Corliss paid money to Wrenshall to

engage in oral sex and other sexual acts with minor Thai boys.

     In or about April 2002, Jackson, Burgess, and Corliss knowingly traveled from the United

States to Thailand for a third time to visit John Wrenshall. Jackson, Burgess, and Corliss

traveled from the United States to Thailand with the intent to engage in sexual acts with minor

Thai boys to be provided by Wrenshall. Jackson, Burgess, and Corliss paid money to Wrenshall

to engage in and did engage in oral sex and other sexual acts with minor Thai boys. Jackson and

Burgess photographed nude Thai boys. Corliss photographed and videotaped the sexual acts he

engaged in with minor Thai boys.

     From 2000 through 2002, Wrenshall himself engaged in sexual acts with minor Thai boys

in Thailand.

In 2000, 2001, and 2002, Jackson and Burgess paid some portion of Corliss' travel expenses to Thailand and sponsorship fees to sexually abuse minor Thai boys.

The minor Thai boys sexually abused by Jackson, Burgess, Corliss, and Wrenshall are real children who were under the age of 18 at the time of the sexual abuse.

AGREED TO AND SIGNED.

Respectfully submitted,
DEBORAH J. RHODES
UNITED STATES ATTORNEY

Date: Nov. 13, 2008

SEAN P. COSTELLO
Assistant United States Attorney

Date: 11·13·08

BURGESS LEE BURGESS
Defendant

Date: 11·13·08

D. E. BRUTKIEWICZ , JR.
Counsel for Defendant

17