IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. 08-0225-KD |
| v. | ) | |
| | ) | CIVIL ACTION NO. 10-0620-KD-N |
| BURGESS LEE BURGESS, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

ORDER

This matter is before the court on petitioner's Motion to Vacate, Set Aside or Correct Sentence (doc. 142), as well as the government's Response (doc. 148) and the petitioner's Reply (doc. 152). The court has considered these materials and finds that a hearing is necessary on one of petitioner's claims for relief.[1] If petitioner demonstrates that he can not afford an attorney, the court will appoint counsel to represent him at the hearing.[2]

Procedural Background

Petitioner Burgess Lee Burgess was indicted in a four-count indictment, along with co-defendant Mitchell Kent Jackson. The first three counts charge Burgess with knowingly travelling in interstate and foreign commerce for the purpose of engaging in illicit sexual conduct with another person on three different occasions. Count Four charged that Burgess and Jackson willfully, knowingly, and unlawfully conspired to travel in interstate and foreign commerce for

---

[1] Petitioner's Third Ground for Relief alleges that his counsel was ineffective at sentencing and at appeal in several ways. Among the allegations contained in Ground Three is that "[c]ounsel failed and refused to follow the defendant's specific instructions to file an appeal." (Doc. 142 at p. 7) It is *solely* to this portion of Ground Three that the undersigned finds that an evidentiary hearing is warranted. It is noted that in its response to the motion to vacate, the government requests a hearing on this narrow issue.

[2] The record reflects that petitioner had retained counsel at trial.

the purpose of engaging in illicit sexual conduct with another person.

Burgess pleaded guilty on November 13, 2008, to counts three and four, pursuant to a written plea agreement. The statutory maximum sentence on each count was fifteen years, plus a term of supervised release and a special assessment of $100. In the written agreement, the government bound itself to request a sentence at the low end of the applicable guideline range and, if Burgess provided substantial assistance, to request a sentence reduction pursuant to U.S.S.G. § 5k1.1. The plea agreement contained an appeal waiver provision.[3] It also provided for registration as a sex offender in any jurisdiction where Burgess resides, is employed or is enrolled in school.

At sentencing, on November 6, 2009, the court rejected the government's 5k1.1 request. The court determined that the defendant's base offense level was 28 and that he had no criminal history points, which resulted in a guidelines calculation of 78 to 97 months imprisonment. The court imposed a sentence of 78 months imprisonment, to be followed by three years of supervised release, plus a $100 special assessment on each count. The supervised release term included conditions that Burgess register as a sex offender, not possess or use any computer with access to any online computer service, submit to periodic examination of his computers, and submit to mental health and sex offender treatment. Burgess did not file a direct appeal. The

---

[3] The appeal waiver applied to an appeal of the sentence imposed. It also expressly waived defendant's right to challenge, in a collateral attack, the sentence imposed or the manner in which the sentence was determined, with the following exceptions:

    a.  Any punishment imposed in excess of the statutory maximum;

    b.  Any punishment that constitutes an upward departure from the guideline range: or

    c.  A claim of ineffective assistance of counsel.

Doc. 84 at 10-11.

government acknowledges that the instant petition was timely filed.

Petitioner makes the following arguments in support of habeas relief:

1) Ineffective assistance of counsel before and during plea;
2) The plea was not knowingly and voluntarily entered;
3) Ineffective assistance of counsel at sentencing and on appeal;
4) The Court abused its discretion by not granting a sentence reduction and by not following the 18 U.S.C. § 3553(a) factors in calculating sentence.

In this order, the undersigned addresses *only* petitioner's claim (which is incorporated within Ground Three of the petition) concerning petitioner's contention that his attorney failed to file a requested appeal.

## Legal Standard

*Habeas*

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." U.S. v. Frady, 456 U.S. 152, 165 (1982). A defendant who has exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. U.S. v. Addonizio, 442 U.S. 178, 185 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. U.S., 598 F.2d 439, 441 (5th Cir. 1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "nonconstitutional claims can be raised on collateral review only when the alleged error

3

constitutes a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." Cross v. U.S., 893 F.2d 1287, 1289 (11th Cir. 1990). Jurisdictional issues, however, are not subject to procedural default because federal courts are of limited jurisdiction and the parties cannot by waiver or default confer a jurisdictional foundation that is otherwise lacking. Harris v. U.S., 149 F.3d 1304, 1306 (11th Cir. 1998).

*Ineffective Assistance of Counsel*

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984).

> Strickland does not guarantee perfect representation, only a " 'reasonably competent attorney.' " 466 U.S. at 687, 104 S.Ct. 2052 (*quoting* McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *see also* [Yarborough v. Gentry, 540 U.S. 1, 7 (2003)]. Representation is constitutionally ineffective only if it "so undermined the proper functioning of the adversarial process" that the defendant was denied a fair trial. Strickland, *supra*, at 686, 104 S.Ct. 2052. Just as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities.

Harrington v. Richter, --- U.S., ----, 131 S.Ct. 770, 791 (2011).

Under the performance prong, the relevant inquiry is whether counsel's representation was "objectively reasonable." Crawford v. Head, 311 F.3d 1288, 1311 (11th Cir. 2002). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant

4

decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. A petitioner can rebut this presumption only by proving his attorney's representation was unreasonable under prevailing professional norms. Chandler v. U.S., 218 F.3d 1305, 1314 n. 15 (11th Cir. 2000) (*en banc*). "Therefore, where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." Id. (quotations and citation omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation." Strickland, 466 U.S. at 690-91.

The petitioner's burden of demonstrating prejudice is high. Under the prejudice prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Wellington, 314 F.3d at 1260 (quotations and citations omitted).

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that the Strickland test applies to advice given by counsel in the context of guilty plea discussions. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In the context of a claim of ineffective assistance of counsel as it relates to the entry of a guilty plea, the Eleventh Circuit has stated:

> In these cases, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.

> Hill, 106 S.Ct. at 370. If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy Strickland. Id. at 371.

Davis v. U.S., 335 Fed.Appx. 825 (11th Cir. 2009).

"There is a strong presumption that [a defendant's] statements made during the plea colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (defendant bears a "heavy burden" to show that his statements under oath were false). "[T]he representations of the defendant as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." Thompson v. Wainwright, 787 F.2d 1447, 1460 (11th Cir. 1986).

*Evidentiary Hearing*

"Unless the motion [under Section 2255] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

Where the petitioner's claim is "patently frivolous," Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989);

Where the claim is based upon unsupported generalizations, id.;

Where the petitioner "has not allege[d] facts that, if true, would entitle him to relief," Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002);

Where the "facts alleged are not reasonably specific [and] nonconclusory," id. at 714-15;

6

"[W]here the petitioner's allegations are affirmatively contradicted by the record," id. at 715;

Where the petitioner's version of the facts has already been accepted as true, Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and

Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983).

## Factual Resume

The following facts are drawn from the factual resume incorporated by reference into the written plea agreement and read aloud at the guilty plea hearing. Burgess testified under oath that the government could prove each of these facts.

> From approximately 1999 to 2001, Mitchell Kent Jackson and Burgess Lee Burgess operated and supplied content for a website entitled "Boyhood Paradise." The content of the web site operated by Jackson and Burgess depicted nude male minor children.
>
> In or about April 2000, Jackson, with Burgess and Wayne Nelson Corliss, traveled to Thailand. In preparation of their travel to Thailand in 2000, Corliss had been corresponding via the Internet with a man by the name of John Wrenshall who lived in Thailand. Wrenshall, Jackson, Burgess, and Corliss had known each other for many years through "Boy Love and Chat," an Internet chat room dedicated to men with a sexual interest in minor boys. In or about January 2000, Wrenshall invited Jackson, Burgess, and Corliss to visit him in Thailand to engage in sexual acts with minor Thai boys. Wrenshall explained that if they each sponsored a boy – that is, paid Wrenshall money – they each could essentially have unfettered access to the boys during the visit to Thailand. Wrenshall quoted a price of $200 for first-time oral sex with boys and $20 thereafter. Wrenshall also quoted a price of $400 to sponsor a boy. Jackson and Burgess, in the Southern District of Alabama, and Corliss, in New Jersey, had multiple conversations via the Internet and telephone from late 1999 through the spring of 2000 to plan the 2000 trip to Thailand. Ultimately, in or about April 2000, Jackson, Burgess, and Corliss knowingly traveled together from the United States to Thailand. Jackson, Burgess, and Corliss traveled from the United States to Thailand with the intent to engage in sexual acts with minor Thai boys to be provided by Wrenshall. Jackson, Burgess, and Corliss sponsored minor Thai boys. Jackson, Burgess, and Corliss paid Wrenshall money to engage in sexual acts with minor Thai boys.

7

> In or about April 2001, Burgess and Corliss knowingly traveled from the United States to Thailand for a second time to visit Wrenshall. Burgess and Corliss traveled from the United States to Thailand with the intent to engage in sexual acts with minor Thai boys to be provided by Wrenshall. While in Thailand in April 2001, Burgess and Corliss paid money to Wrenshall to engage in oral sex and other sexual acts with minor Thai boys.
>
> In or about April 2002, Jackson, Burgess, and Corliss knowingly traveled from the United States to Thailand for a third time to visit John Wrenshall. Jackson, Burgess, and Corliss traveled from the United States to Thailand with the intent to engage in sexual acts with minor Thai boys to be provided by Wrenshall. Jackson, Burgess, and Corliss paid money to Wrenshall to engage in and did engage in oral sex and other sexual acts with minor Thai boys. Jackson and Burgess photographed nude Thai boys. Corliss photographed and videotaped the sexual acts he engaged in with minor Thai boys.
>
> From 2000 through 2002, Wrenshall himself engaged in sexual acts with minor Thai boys in Thailand.
>
> In 2000, 2001, and 2002, Jackson and Burgess paid some portion of Corliss' travel expenses to Thailand and sponsorship fees to sexually abuse minor Thai boys.
>
> The minor Thai boys sexually abused by Jackson, Burgess, Corliss, and Wrenshall are real children who were under the age of 18 at the time of the sexual abuse.

Doc. 86 at 15-17.

## Analysis

### Ineffective Appellate Counsel—failure to file appeal

Petitioner claims to have requested that his attorney file a direct appeal of his sentence, but that his attorney failed to do so. The Supreme Court has held that counsel's failure to file an appeal without the agreement of defendant is subject to the Strickland two-step analysis. Roe v. Flores-Ortega, 528 U.S. 470 (2000). The Court further held that an attorney who fails to file an appeal on behalf of a client after having been requested to do so acts in a per se unreasonable manner. Id. at 477.

In Gomez-Diaz v. U.S., 433 F.3d 788 (11th Cir. 2005), the Court of Appeals vacated and

remanded a district court's denial of habeas relief on a claim that counsel for a criminal defendant failed to file an appeal as requested by defendant, holding that prejudice is presumed in such a situation, regardless of whether the defendant can identify any arguably meritorious grounds for appeal that would fall outside the appeal waiver. Id., at 793. Similarly, in U.S. v. Pliego-Duarte, 199 Fed. Appx. 855 (11th Cir. 2006)(*citing* Gomez-Diaz), the Court of Appeals reversed the denial of a § 2255 motion where the district court had found no prejudice resulting from counsel's failure to file an appeal. Defendant had signed an appeal waiver in the written plea agreement; however, the Court of Appeals found that, as defendant had waived most, but not all, of his appellate rights, prejudice would be presumed and defendant would be entitled to an out-of-time direct appeal. Id.

Upon consideration, the undersigned finds that an evidentiary hearing is necessary to resolve the claim by petitioner that he requested his counsel to file a notice of appeal on his behalf and that counsel failed to do so.

Appointment of Counsel

"If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies ... ." Rule 8(c) of the Rules Governing §2255 Motions. The record does not definitively demonstrate that defendant is financially qualified for appointment of counsel.

On July 10, 2008, the court was given a financial affidavit (doc. 8) concerning defendant and thereupon appointed counsel (doc. 10) to represent him at the initial appearance. However, on July 16, 2008, Attorney D.E.Brutkiewicz, Jr., filed a Notice of Appearance (doc. 14) on behalf of Burgess as retained counsel. If defendant is no longer able to retain counsel he must file the necessary paperwork demonstrating that he qualifies for appointment of counsel.

## Conclusion

For the reasons stated above, it is hereby ORDERED that the court will conduct an evidentiary hearing on the limited issue of whether defendant requested that counsel file an appeal. Petitioner is hereby ORDERED, no later than **July 14, 2011** either to retain counsel to represent him at the hearing **or** to submit a Motion for Leave to Proceed In Forma Pauperis with the required accompanying financial information and copy of his prisoner account summary demonstrating his indigence. The Clerk is DIRECTED to forward a copy of the appropriate form to petitioner along with a copy of this order.

DONE this the 14th day of June, 2011.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**